THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH VALENTINO, Appellant.— Appeal by defendant from an order of the Schenectady County Court, in a *coram nobis* proceeding which denied defendant's application to vacate a judgment of conviction in that court. This court has granted appellant leave to appeal as a poor person, and assigned Mathias P. Poersch, Esq., of Schenectady, New York, as counsel. We note that assigned counsel has filed a comprehensive brief, presented an able and vigorous argument in appellant's behalf, and has promptly presented the appeal in a manner which is a credit to the legal profession. Defendant was convicted of burglary in the third degree and grand larceny in the first degree upon his plea of guilty on October 13, 1948, and was sentenced to Elmira Reformatory under the rules and regulations of that institution. He is now confined in a State prison on a subsequent conviction in Albany County for another crime. Defendant now contends that his conviction in Schenectady County is void because he was insane at the time he entered a plea of guilty. The record discloses that defendant was represented by counsel at all stages of the proceedings and that his counsel was present upon each of several occasions when defendant was before the court. A preliminary medical report indicated that defendant was incompetent. Pursuant to section 658 of the Code of Criminal Procedure the court committed defendant to Utica State Hospital for a formal examination and report. The two qualified psychiatrists designated by the superintendent of the hospital examined the defendant and made a formal verified report to the court that he was sane and that he was capable of understanding the charges against him and was capable of making his own defense. At subsequent appearances

defendant and his counsel were most thoroughly advised by the court of defendant's right to controvert this medical report, to be confronted by the witnesses, and to offer evidence. A substantial adjournment was taken for consideration of the matter and thereafter defendant's counsel expressly stated: "At this time we are not going to offer any opposition to the report as set forth by authorities in Utica State Hospital." The court then confirmed the report, the defendant was arraigned, advised fully of his rights, and entered a plea of guilty. What the defendant is really seeking is a rehearing, more than six years later, on the question of his sanity at the time he entered his plea of guilty, asserting that other evidence indicating his incompetency at a prior date was not before the court. It appears clearly from the record that there was no violation of defendant's constitutional rights, and that the final determination of defendant's sanity by the court was in strict conformity with the provisions of sections 658, 662 and 662-a of the Code of Criminal Procedure. In the interest of finality of judicial determination, *coram nobis* is not available under such circumstances to relitigate the question. Order unanimously affirmed. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.